IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

YOLANDA ROCHELLE C.[1] PLAINTIFF

V. CIVIL ACTION NO. 4:25-CV-114-DAS

COMMISSIONER OF SOCIAL SECURITY DEFENDANT

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Doc. 12. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be remanded.

FACTS

The plaintiff filed her application for benefits on November 18, 2021, alleging onset of disability on February 13, 2020. The Social Security Administration denied the claim initially and on reconsideration. The Appeals Council reviewed and remanded the ALJ's decision on November 3, 2023. On remand, the ALJ held a hearing and issued a second unfavorable decision on July 22, 2024. The Appeals Council denied the plaintiff's request for review, and this timely appeal followed.

[1] Consistent with guidance from the Judicial Conference's Committee on Court Administration and Case Management regarding privacy concerns in social security cases, the undersigned identifies the plaintiff only by first name and last initial.

The ALJ determined the plaintiff had the following severe impairments: minimal degenerative arthritis of the lumbar spine, mild degenerative arthritis of the thoracic spine, cervical spine disc bulge, osteoarthritis of the left knee, carpal tunnel syndrome, and obesity. The ALJ found she retained the residual functional capacity (RFC) to perform light work, with the following additional limitations:

- Lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently,
- Stand and/or walk for two hours in an eight-hour workday,
- Sit for six hours in an eight-hour workday,
- Occasionally kneel, crouch, and crawl,
- Frequently, but not constantly, handle and finger bilaterally.

The ALJ determined the plaintiff could not perform her past relevant work, but based on vocational expert (VE) testimony, found she could perform the jobs of parking lot cashier, toll collector, and ticket taker.

ANALYSIS

The plaintiff raises four issues on appeal, however, finding the ALJ failed to properly consider all the record evidence, the court will only address that issue herein. The plaintiff claims the ALJ failed to properly consider all the record evidence, namely, the plaintiff's left knee impairment. The plaintiff argues the ALJ erred in relying on the DDS physicians' opinions because they predated a significant portion of the medical evidence, including an MRI of the plaintiff's left knee. The plaintiff argues "there is no professional medical review of the MRI on the left knee that has the most advanced findings."

In his decision, the ALJ determined the DDS opinions were "somewhat persuasive" finding them only "somewhat supported" and "somewhat consistent" by the record evidence and concluded additional limitations were warranted based on "hearing testimony and additional evidence." The ALJ discussed the MRI of the plaintiff's left knee noting the following

impression: "postsurgical changes of prior ACL repair, advanced osteoarthritis of the medial joint space with medial subluxation of the body of the meniscus, less pronounced lateral joint space osteoarthritis, and medical patellar facet chondromalacia." Ultimately, the ALJ limited the plaintiff to two hours of standing a walking, which the Commissioner contends demonstrates a reasonable consideration of the evidence generated after the DDS opinions, including the MRI.

There is a distinction between evidence an ALJ is permitted to interpret and evidence an ALJ cannot. *Moore v. Saul*, 2022 WL 987735 (N.D. Miss. Mar. 31, 2022) (holding the ALJ interpreted raw medical data, rather than objective medical evidence, where the ALJ drew conclusions from evidence wholly unconsidered by any medical expert, such as MRI results, subsequent pain, and treatment history that had not been considered by any medical expert). Objective medical evidence, which an ALJ may interpret, is "evidence where the extent of functional loss and its effects on job performance would be apparent even to a lay person." *Id*. at *2 (citing *Minor v. Astrue*, 2014 WL 936438 at *6 (S.D. Miss. Mar. 10, 2014)). Raw medical evidence, by comparison, "does not permit 'common-sense judgments about functional capacity' and instead requires the ALJ to 'overstep the bounds of a lay person's competence and render a medical judgment.'" *Id.* (quoting *Minor v. Astrue*, 2014 WL 936438 at *6).

In *Graham v. Commissioner of Social Security*, the court found the ALJ erred in formulating the RFC based on the ALJ's own interpretation of an MRI – raw medical evidence that could not be interpreted by a layman – without a medical expert's input. *Graham v. Comm'r of Soc. Sec.*, 2024 WL 1009538 (S.D. Miss. Jan. 23, 2024), *report and recommendation adopted*, 2024 WL 472513 (S.D. Miss. Feb. 7, 2024). Just as in the instant case, Graham's MRI post-dated the DDS physicians' reviews and the ALJ included "additional postural and environmental limitations" in the RFC. *Id*. at *6. However, assigning a more restrictive RFC did not deem the

ALJ's error harmless where an additional medical opinion might have led to a different decision. Here, the MRI documenting "postsurgical changes of prior ACL repair, advanced osteoarthritis of the medial joint space with medial subluxation of the body of the meniscus, less pronounced lateral joint space osteoarthritis, and medical patellar facet chondromalacia" was not "susceptible to a common-sense judgment about functional capacity." *Id*. at *6. The ALJ erred in forming the RFC based on his own interpretation of the MRI, and for the court to deem this harmless would result in the very same error. As the court noted in *Graham*, this conclusion "does not equate to a bright-line rule that an ALJ must obtain a new expert opinion every time there is new medical evidence nor does it equate to a finding that every new MRI requires expert evaluation." *Id*. However here, considering the advanced MRI findings and attendant records not subject to medical review, the ALJ "overstepped the bounds of a lay person's competence to render a medical judgment." *Id*.

The Commissioner's decision is reversed and remanded for an updated medical source statement regarding the plaintiff's RFC to ensure that a medical expert determines what, if any impact the medical developments after the initial RFC determination by the state agency physicians had on the plaintiff's ability to work.

SO ORDERED, this the 19th day of August, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE